**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TWENTY-FIRST SECURITIES
CORPORATION,

                   Plaintiff,

   vs.

DR. BYRON CRAWFORD,

                   Defendant.

CASE NO. 11 CIV 6406

Honorable William H. Pauley III

**ANSWER OF DEFENDANT DR.**
**BYRON CRAWFORD**

**Complaint Filed:**
September 14, 2011

Defendant Dr. Byron Crawford ("Dr. Crawford"), by and through his undersigned

counsel, responds to Plaintiff Twenty-First Securities Corporation's ("Twenty-First") Complaint

pursuant to the parties signed Stipulation and Order entered on October 7, 2011 as follows:

## ANSWER TO COMPLAINT

### NATURE OF ACTION

1.    Defendant Dr. Crawford admits that on or about July 18, 2011, he filed an

arbitration against Plaintiff Twenty-First before the Financial Industry Regulatory Authority

("FINRA") captioned *Dr. Byron Crawford v. Twenty-First Corporation*, FINRA Case No. 11-

02801 (the "FINRA Arbitration"). Defendant Dr. Crawford further admits that the claims at issue

in the FINRA Arbitration are attached to Plaintiff Twenty-First's Complaint as Exhibit A. With

respect to the remainder of Paragraph 1 of the Complaint, Defendant Dr Crawford, is without

sufficient knowledge or information to form a belief as to the truth of the allegations contained in

said paragraph, and on that basis denies each and every allegation therein.

2.    Defendant Dr. Crawford admits that in the FINRA Arbitration he seeks to recover

damages in an amount according to proof but not less than $6,000,000 minus residual value and/or principal redeemed, plus interest, and disgorgement of the commissions, fees, and benefits paid to Twenty-First, as well as reasonable attorney's fees, and punitive damages to punish and deter the firm's wrongful conduct. Defendant Dr. Crawford further admits that he lost a substantial portion of his 1861 Fund investment and seeks to recover damages in his FINRA Arbitration stem from Plaintiff Twenty-First's wrongful conduct. With respect to the remainder of Paragraph 2 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

3.     Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr. Crawford denies each and every allegation contained in Paragraph 3.

## THE PARTIES

4.     With respect to Paragraph 4 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

5.     Defendant Dr. Crawford admits the allegation in Paragraph 5.

## JURISDICTION AND VENUE

6.     With respect to Paragraph 6 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

7.     With respect to Paragraph 7, Defendant Dr. Crawford denies that this Court has

2

subject matter jurisdiction pursuant to 28 U.S.C. §1332.

8.    With respect to Paragraph 8, Defendant Dr. Crawford denies that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

9.    With respect to Paragraph 9, Defendant Dr. Crawford denies that this Court has personal jurisdiction over Dr. Crawford.

10.    With respect to Paragraph 10, Defendant Dr. Crawford denies that venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2).

## FACTUAL BACKGROUND

11.    Defendant Dr. Crawford admits the allegation in Paragraph 11.

12.    Defendant Dr. Crawford admits that in or about May 2006, Dr. Crawford asked Twenty-First and Mr. Gordon for advice about high income yielding investments. Defendant Dr. Crawford further admits that in November 2006, Mr. Gordon forwarded to Dr. Crawford and/or his wife certain material prepared by 1861 Capital Management LLC ("1861 Capital") concerning the 1861 Fund and recommended that he invest in the 1861 Fund. With respect to the remainder of Paragraph 12, Dr. Crawford denies the allegation contained therein.

13.    With respect to paragraph 13, Dr. Crawford denies the allegations contained therein.

14.    Defendant Dr. Crawford admits that on or about February 28, 2007, Rahn & Bodmer, a Zurich-based investment firm, made an investment in the amount of $6,000,000 in the 1861 Fund as Dr. Crawford's nominee and agent in reliance on Plaintiff Twenty-First's and its President, Robert Gordon's, advice. With respect to the remainder of Paragraph 14, Dr. Crawford denies the allegation contained therein.

15.    Defendant Dr. Crawford admits that Rahn & Bodmer, as Dr. Crawford's nominee

and agent, executed a Subscription Agreement, dated February 27, 2001; a Limited Partnership Agreement dated August 1, 2006; and a Disclosure Statement dated June 7, 2007. With respect to the remainder of Paragraph 15 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

16.     With respect to Paragraph 16 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

17.     With respect to Paragraph 17 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

18.     With respect to Paragraph 18 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

19.     With respect to Paragraph 19 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

20.     With respect to Paragraph 20 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr Crawford denies each and every allegation in Paragraph 20.

21.     With respect to Paragraph 21 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr Crawford denies each and every allegation in Paragraph 21.

4

22.     With respect to Paragraph 22 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr Crawford denies each and every allegation in Paragraph 22.

23.     With respect to Paragraph 23 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr Crawford denies each and every allegation in Paragraph 23.

24.     With respect to Paragraph 24 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr Crawford denies each and every allegation in Paragraph 24.

25.     Defendant Dr. Crawford admits that on or about July 18, 2011, Dr. Crawford filed a Statement of Claim with FINRA, instituting arbitration proceeding against Twenty First. With respect to the remainder of Paragraph 25 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

26.     Defendant Dr. Crawford admits that his FRINRA arbitration related to damages he sustained based on Plaintiff Twenty-First's wrongful conduct. With respect to the remainder of Paragraph 26 of the Complaint, Defendant Dr Crawford denies each and every allegation therein.

27.     Defendant Dr. Crawford admits the allegations in Paragraph 27.

28.     Defendant Dr. Crawford admits that in the FINRA Arbitration he seeks to recover damages in an amount according to proof but not less than $6,000,000 minus residual value and/or principal redeemed, plus interest, and disgorgement of the commissions, fees, and benefits paid to Twenty-First, as well as reasonable attorney's fees, and punitive damages to punish and

deter the firm's wrongful conduct. Defendant Dr. Crawford further admits that he lost a substantial portion of his 1861 Fund investment and seeks to recover damages in his FINRA Arbitration stem from Plaintiff Twenty-First's wrongful conduct. With respect to the remainder of Paragraph 28 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

29.     With respect to Paragraph 29 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. With respect to remainder of Paragraph 29 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

30.     With respect to Paragraph 30 of the Complaint, Defendant Dr Crawford repeats and realleges each and every response contained in paragraphs 1 through 29 as if fully set forth herein.

31.     With respect to Paragraph 31 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr Crawford denies each and every allegation in Paragraph 31.

32.     Defendant Dr. Crawford admits that pursuant to Rule 12200 of FINRA's Code of Arbitration Procedure for Customer Disputes, parties must arbitrate disputes where each of the following conditions are met: (i) arbitration is either (a) required by written agreement or (b) requested by the customer; (ii) the dispute is between a customer and a member or associated

6

person of a member; and (iii) the dispute arises in connection with business activity of the member or the associated person. With respect to the remainder of Paragraph 32 of the Complaint, Defendant Dr Crawford denies each and every allegation therein.

33.     With respect to Paragraph 33 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First as defined by FINRA Rule 12200 and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr Crawford denies each and every allegation in Paragraph 33.

34.     With respect to Paragraph 34 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr Crawford denies each and every allegation in Paragraph 34.

35.     With respect to Paragraph 35 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

36.     With respect to Paragraph 36 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

## SECOND CLAIM FOR RELIEF
### (Injunction Prohibiting Crawford from Pursuing FINRA Arbitration)

37.     With respect to Paragraph 37 of the Complaint, Defendant Dr Crawford Defendant Dr Crawford repeats and realleges each and every response contained in paragraphs 1 through 36 as if fully set forth herein.

38.     Defendant Dr. Crawford admits that in the FINRA Arbitration he seeks to recover damages in an amount according to proof but not less than $6,000,000 minus residual value

and/or principal redeemed, plus interest, and disgorgement of the commissions, fees, and benefits paid to Twenty-First, as well as reasonable attorney's fees, and punitive damages to punish and deter the firm's wrongful conduct. Defendant Dr. Crawford further admits that the damages he seeks to recover in his FINRA Arbitration stem from Plaintiff Twenty-First's wrongful conduct. With respect to the remainder of Paragraph 38 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

39.     With respect to Paragraph 39 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr. Crawford denies each and every allegation in Paragraph 39.

40.     With respect to Paragraph 40 of the Complaint, Defendant Dr Crawford, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

41.     With respect to Paragraph 41 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, Defendant Dr Crawford will suffer irreparable harm in the event an injunction is issued and as such denies each and every allegation in Paragraph 41.

42.     With respect to Paragraph 42 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, the balance of the equities does not weigh in favor of an injunction and Defendant Dr Crawford denies each and every allegation in Paragraph 42.

43.     With respect to Paragraph 43 of the Complaint, Defendant Dr. Crawford was a customer of Twenty-First and as such FINRA has jurisdiction over the dispute. Therefore, the

public interest would not be served by enjoining Dr. Crawford from pursuing his claims against Twenty-First in the FINRA Arbitration and as such Defendant Dr Crawford denies each and every allegation in Paragraph 43.

## PRAYER FOR RELIEF

44.     Defendant Dr. Crawford denies that Plaintiff Twenty-First is entitled to the relief it prays for, or any relief at all, for the allegations contained in the Complaint. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Defendant Dr. Crawford denies them.

## AFFIRMATIVE DEFENSES

Without admitting any allegations in the Complaint not otherwise admitted, Defendant Dr. Crawford avers and asserts the following defenses pursuant to Federal Rule of Civil Procedure 8(c):

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

45.     AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, Defendant Dr. Crawford alleges that the Complaint fails to state a claim against Defendant Dr. Crawford upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Subject Matter Jurisdiction)

46.     AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, Defendant Dr. Crawford alleges

that this Court has no subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 and

or 28 U.S.C. §1331.

### THIRD AFFIRMATIVE DEFENSE
#### (No Personal Jurisdiction)

47.    AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO THE

COMPLAINT AND EACH CAUSE OF ACTION THEREOF, Defendant Dr. Crawford alleges

that this Court has no personal jurisdiction over Dr. Crawford.

### FOURTH AFFIRMATIVE DEFENSE
#### (Venue is Not Proper)

48.    AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE

COMPLAINT AND EACH CAUSE OF ACTION THEREOF, Defendant Dr. Crawford alleges

that venue is not proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2).

### FIFTH AFFIRMATIVE DEFENSE
#### (Additional Affirmative Defenses Reserved)

49.    AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE

COMPLAINT AND EACH CAUSE OF ACTION THEREOF, Defendant Dr. Crawford reserves

the right to allege other affirmative defenses available to him under the Federal Rules of Civil

Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as

may be discovered during the course of this action.

///

## PRAYER FOR RELIEF

WHEREFORE, Defendant Dr. Crawford respectfully requests that this Court enter an Order:

1.  Declaring that (a) Dr. Crawford is a customer of Twenty-First; and (b) FINRA has jurisdiction to arbitrate the FINRA Arbitration;

2.  Denying Plaintiff Twenty-First's request for a preliminary and permanently enjoining Dr. Crawford from pursuing any claims against Twenty-First in the FINRA Arbitration;

3.  Awarding Defendant Dr. Crawford costs of suit;

4.  Granting such other relief as may be deemed just and proper.

Dated: January 3, 2012                    Respectfully submitted,

                                          AIDIKOFF, UHL & BAKHTIARI

                              By:_____
                                          Robert A. Uhl, Esq., (RU0842)
                                          9454 Wilshire Boulevard, Suite 303
                                          Beverly Hills, California  90212
                                          Telephone:  (310) 274-0666
                                          robertauhl@aol.com

                                          Steven B. Caruso, Esq. (1701598)
                                          Maddox Hargett & Caruso, P.C.
                                          80 Broad Street, 5th Floor
                                          New York, New York 10004
                                          Telephone: (212) 837-7908
                                          sbcaruso@aol.com
                                          *Attorneys for Defendant, Dr. Byron Crawford.*

PROOF OF SERVICE
F.R.C.P. 5

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 9454 Wilshire Blvd., Suite 303, Beverly Hills, CA 90212.

On January 3, 2012, I served the foregoing documents described as **ANSWER OF DEFENDANT DR. BYRON CRAWFORD**, on the interested parties in this action

[ ]   by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

[X]   By placing [ ] the original [X] a true copies thereof enclosed in sealed envelopes addressed as follows:

Daniel Gildin, Esq.
KAUFMANN, GILDIN, ROBBINS &
OPPENHEIM LLP
777 Third Avenue, 24th Floor
New York, NY 10017

Honorable William H. Pauley III
Daniel Patrick Moynihan US Courthouse
500 Pearl Street, Room 2210, Courtroom 11D
New York, NY 10007-1312

Steven B. Caruso, Esq.
MADDOX, HARGETT & CARUSO
80 Broad Street, 5th Floor
New York, NY 10004

[ ] (BY MAIL)
   [ ]   I deposited such envelope with [ ] first-class [ ] certified-mail postage thereon fully prepaid in the U.S. mail at Los Angeles, California.
   [ ]   I am employed by Aidikoff, Uhl & Bakhtiari, A Law Corporation and am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. On said date I placed such sealed envelope(s) for collection and certified mailing following said ordinary business practice.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid for certified or first-class mail at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing.

[X]   (BY FEDERAL EXPRESS), the persons whose names appear above were forwarded a copy of said document(s) by Federal Express.

[ ]   (BY TELECOPIER) In addition to service by mail as set forth above, the person by whose name an asterisk appears was also forwarded a copy of said document(s) by telecopier.

[ ]   (BY PERSONAL SERVICE) I personally delivered such envelope to the addressee, at _____ .m. on said date.

[ ]   (BY MESSENGER)   I delivered such envelopes(s) by hand to the office(s) of the addressee(s) during regular business hours on said date.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: January 3, 2012 at Beverly Hills, California

____Katrina Boice_____
TYPE OR PRINT NAME

SIGNATURE